```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
-----------------------------------------------------------X
RP FAMILY, INC.,

                        Plaintiff,
        -against-

COMMONWEALTH LAND TITLE
INSURANCE COMPANY, a division of
FIDELITY NATIONAL TITLE
GROUP, INC.,

                        Defendant.
-----------------------------------------------------------X
TRUSTAR FUNDING, LLC &
EMERALD ISLE LENDING
COMPANY, INC.,

                        Plaintiffs,
        -against-

DARIUSZ MRUCZYNSKI, et al.,

                        Defendants.
-----------------------------------------------------------X
```

**ORDER**

10 CV 1149 (DLI) (CLP)

10 CV 1727 (DLI) (CLP)

On March 12, 2010, plaintiff RP Family, Inc. ("RP Family") filed this action against defendant Commonwealth Land Title Insurance Company, a division of Fidelity National Title Group ("Commonwealth"). Plaintiff seeks insurance compensation for losses incurred when plaintiff paid to purchase a property for which the seller no longer possessed the title due to having previously conveyed title to another party. On May 14, 2010, Commonwealth filed a third party complaint against third party defendants Warren Sussman and Pacific Title, Inc. (collectively, "Sussman").

Under Rule 30(b)(6) of the Federal Rules of Civil Procedure, Sussman seeks to depose a

Commonwealth-designated witness "on the underwriting process."[1] (Commonwealth Let.[2] at 2). By letter motion dated October 21, 2011, Commonwealth requests an Order, pursuant to Fed. R. Civ. P. 30(b)(4), directing that the deposition of Commonwealth's Rule 30(b)(6) witness – who works in Omaha, Nebraska – be conducted remotely. Specifically, Commonwealth proposes that the witness be deposed via videoconference at Commonwealth's expense rather than be required to travel to New York. (Commonwealth Let. at 1). Based on the discussion with the parties during the conference held on November 2, 2011, it appears that Commonwealth's designated witness is an employee of the corporation but not a corporate officer.

## DISCUSSION

Under the Federal Rules of Civil Procedure, the Court has the discretion to designate the location for depositions. Fed. R. Civ. P. 26; see Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. 166, 171 (S.D.N.Y. 1985); Finkelstein v. Secs. Indus. Automation Corp., No. 05 CV 5195, 2006 WL 3065593, at *1 (E.D.N.Y. Oct. 27, 2006). In federal diversity litigation, the general presumption is that an individual defendant will be deposed at his or her place of residence, see, e.g., Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA, No. 91 CV 2814, 1992 WL 51532, at *5 (S.D.N.Y. Mar. 9, 1992); Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. 547, 550 (S.D.N.Y. 1989), or if a corporate defendant, at the place of business or where the

---

[1] At the status conference held on November 3, 2011, the parties agreed to limit the scope of the deposition to the specific underwriting topics discussed at the conference.

[2] Citations to "Commonwealth Let." refer to defendant/third party plaintiff Commonwealth Land Title Insurance Company's October 21, 2011 letter application for a video deposition.

officer's residence is located. See Sugarhill Records Ltd. v. Motown Record Corp., 105 F.R.D. at 171; see also Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. 385, 388 (S.D.N.Y. 2011) (stating: "[T]he usual rule . . . in federal litigation, is that in the absence of special circumstances, a party seeking discovery must go where the desired witnesses are normally located") (quoting In re Fosamax Prods. Liab. Litig., No. 1:06–MD–1789, 2009 WL 539858, at *1 (S.D.N.Y. Mar. 4, 2009) (internal quotations omitted)). "This rule applies with equal force to 30(b)(6) witnesses." Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. at 388. The rationale behind this presumption is that the plaintiff chooses the forum in which to initiate the action and the defendants are therefore not present before the court by choice. Therefore, plaintiff should bear any burden of inconvenience presented by the action. See Federal Deposit Ins. Co. v. La Antillana, S.A., No. 88 CV 2670, 1990 WL 155727, at *1 (S.D.N.Y. Oct. 5, 1990).

A party may overcome this presumption by satisfying a three factor test to determine whether "peculiar circumstances" have been shown. See Six West Retail Acquisition v. Sony Theatre Mgmt. Corp., 203 F.R.D. 98, 107 (S.D.N.Y. 2001) (citing Mill-Run Tours, Inc. v. Khashoggi, 124 F.R.D. at 550 and Gulf Union Ins. Co. of Saudi Arabia v. M/V LACERTA, 192 WL 51532, at *5). The three factors to be considered are cost, convenience, and litigation efficiency. See Six West Retail Acquisition v. Sony Theatre Mgmt. Corp., 203 F.R.D. at 107.

In this case, neither Sussman nor Commonwealth is a plaintiff. Commonwealth was sued by RP Family and subsequently impleaded Sussman as a third-party defendant. Since neither Commonwealth nor Sussman chose the forum, the general presumption of location is not entirely applicable. However, in exercising its discretion, the Court considers the rationale underlying

3

the presumption and the three factors as instructive.

Moreover, in this case the witness to be deposed is neither a party nor a corporate officer. An employee of a corporate party who is not an officer, director, or managing agent is not subject to deposition by notice. Instead, these employees are treated in the same way as any other non-party witnesses and "must be subpoenaed pursuant to Fed. R. Civ. P. 45." Schindler Elevator Corp. v. Otis Elevator, No. 06 Civ. 5377, 2007 WL 1771509 at *2 (S.D.N.Y. June 18, 2007). Rule 45(d)(2) of the Federal Rules of Civil Procedure provides: "A person to whom a subpoena for the taking of a deposition is directed may be required to attend at any place within 100 miles from the place where the person resides, is employed or transacts business in person, or is served, or at such other convenient place as is fixed by an order of the court." Fed. R. Civ. P. 45(d)(2)(c)(3)(A). Fed. R. Civ. P. 45(c)(3) states that "on timely motion the court. . .shall quash or modify the subpoena if it. . .(ii) requires a person who is not a party or an officer of a party to travel to a place more than 100 miles from the place where that person resides, is employed or routinely transacts business in person."

Rule 45 applies to all non-officer employees, including those designated as Rule 30(b)(6) witnesses via a subpoena served upon a corporation. See Stanford v. Kuwait Airlines Corp., No. 85 Civ. 0477, 1987 WL 26829, at *3 (S.D.N.Y. 1987) (citing Cates v. LTV Aerospace Corp., 480 F.2d 620, 623-24 (5th Cir. 1973) (holding that "a person designated by an organization pursuant to Rule 30(b)(6) could not be required to travel outside the limits imposed by Rule 45(d)(2)").

Sussman argues that Commonwealth's 30(b)(6) witness should be required to travel to New York, rather than requiring the lawyers to travel to Omaha, Nebraska where the witness is

located. However, Sussman has failed to demonstrate that there is a basis – either given the cost, convenience or considerations of litigation efficiency – that would justify ordering Commonwealth's 30(b)(6) witness to travel from his home and place of business in Omaha. Indeed, under Rule 45, the Court lacks authority to order this non-party witness to appear given that he is located outside the 100 mile limit which governs the subpoena power of the Court. Ordinarily, the Court would simply order the attorneys to travel and the deposition to proceed where the witness was located, but in this case, Commonwealth has proposed that in lieu of requiring either the witness or the lawyers to travel, Commonwealth will arrange to make the witness available for video deposition, and Commonwealth has further agreed to pay the costs of such a video deposition.

The Federal Rules specifically provide for the taking of depositions by telephone or other remote means. See Fed. R. Civ. P. 30(b)(4). Indeed, "[t]elephone depositions are a 'presumptively valid means of discovery.'" Zito v. Leasecomm Corp., 233 F.R.D. 395, 398 (S.D.N.Y. 2006). Since Rule 30(b)(4) does not specify the standards to be considered in determining whether to grant a request to take a telephonic deposition, see Stephens v. 1199 S.E.I.U. AFL-CIO, No. CV 07-240490, at *1 (E.D.N.Y. July 19, 2011), the decision to grant or deny such an application is left to the discretion of the Court, which must balance "claims of prejudice and those of hardship," Estate of Gerasimenko v. Cape Wind Trading Co., 272 F.R.D. at 388 (quoting Normande v. Grippo, No. 01 Civ. 7441, 2002 WL 59427, at *1–2 (S.D.N.Y. Jan. 16, 2002)), and conduct a "careful weighing of the relevant facts." Id. (citing Abdullah v. Sheridan Square Press, Inc., 154 F.R.D. 591, 592 (S.D.N.Y. 1994)).

In this case, Sussman objects to the proposal to conduct a video deposition, contending

that Commonwealth's application should be denied because "Commonwealth does not contend that it will be suffer (sic) any potential financial hardship if it is compelled to produce a deposition witness in New York. (Sussman Let. at 2). However, "[a]uthorization to take telephonic depositions does not depend upon a showing of hardship by the applicant," Zito v. Leasecomm Corp., 233 F.R.D. at 398 (citing Advani Enterprises, Inc. v. Underwriters at Lloyds, No. 95 Civ. 4864, 2000 WL 1568255, at *2 (S.D.N.Y. Oct. 19, 2000), and, in any event, it is the hardship and inconvenience to the witness that is of concern. Indeed, the goal of Rule 45 is to "prevent inconvenience to the flesh-and-blood human beings who are asked to testify, not the legal entity for whom those human beings work." Price Waterhouse LLP v. First Am. Corp., 182 F.R.D. 56, 62 (S.D.N.Y. 1998) (noting that Rule 45(c)(3)(A) treats a person who is an employee and not an officer of a party as it does a non-party witness); see also Stanford v. Kuwait Airlines Corp., 1987 WL 26829, at *3 (holding that Rule 45 protects nonparty witnesses from being inconvenienced by being compelled to travel inordinate distances to have their depositions taken).

Although Sussman argues that the trip from Omaha to New York is only "a 2 hour and 29 minute flight" and an expense unlikely to cause "financial hardship" for "a company like Commonwealth" (Sussman Let. at 2), this argument ignores the inconvenience to the human being serving as Commonwealth's Rule 30(b)(6) witness, and it is clear that this witness would likely lose two days traveling from Omaha to New York and back.

Sussman also argues that its "right to observe, interact with, and personally evaluate the witness" will be denied if required to conduct the deposition remotely. (Sussman Let. at 2). However, in rejecting the same argument, the courts in Robert Smalls v. Hamilton and

6

Normande v. Grippo held that "accepting Plaintiffs' arguments absent a particularized showing of prejudice would be tantamount to repealing [Fed.R.Civ.P. 30(b)(4)]." Robert Smalls v. Hamilton, No. 09 Civ. 7171, 2010 WL 2541177, at *4 (S.D.N.Y. June 10, 2011); Normande v. Grippo, 2002 WL 59427, at *2. In fact, anticipating that a defendant might "consider it important to view the demeanor of [plaintiff's witness] during a deposition," the court in Zito v. Leasecomm Corp. specifically suggested a videoconference as the preferred means for conducting the deposition of a witness who would face hardship by being asked to travel to a distant city. 233 F.R.D. at 398.

Although some courts have expressed concern that Rule 45's proscription of travel over 100 miles for non-party witnesses can create an "incentive [for parties to try] to avoid [a Rule 30(b)(6)] subpoena simply by producing employees who are not corporate officers as their party representatives," Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.'s, 262 F.R.D. 293, 303 (S.D.N.Y. 2009), here there has been no suggestion that Commonwealth is deliberately selecting a witness in Omaha in order to prevent his personal appearance. See Fed. R. Civ. P. 30(b)(6) (providing that the corporation shall designate the person competent to testify on behalf of the corporation); Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.'s, 262 F.R.D. at 303 (noting that [w]hether the appropriate person is an officer of the corporation is within the discretion of the corporate party and not a requirement of the subpoena itself).

This Court agrees that such "evasive behavior. . .is clearly not what Rule 45 was intended to promote," Aristocrat Leisure Ltd. v. Deutsche Bank Trust Co. Am.'s, 262 F.R.D. at 303, but based on the representations of counsel at the conference, the individual who has been selected as the 30(b)(6) witness to answer these questions appears to be the most competent

Commonwealth has offered to produce another 30(b)(6) witness in New York to testify on different topics, but there appears to be no comparable employee located in New York with the requisite knowledge necessary to answer the questions at issue. Moreover, the Court finds that Commonwealth, by offering to pay for the expense of conducting the deposition by video, has demonstrated good faith in attempting to accommodate both the concerns of convenience to the witness and the concerns of cost and litigation efficiency raised by Sussman.

## CONCLUSION

Accordingly, the Court grants Commonwealth's request, pursuant to Fed. R. Civ. P. 30(b)(4), and Orders that the parties shall conduct the deposition of Commonwealth's Rule 30(b)(6) witness remotely by video and that Commonwealth shall pay the expenses of the videographer and any other related expenses as offered in its letter of October 21, 2011.

**SO ORDERED.**

Dated: Brooklyn, New York
November 30, 2011

/s/ CHERYL POLLAK
_____
Cheryl L. Pollak
United States Magistrate Judge