UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
------------------------------------------------------X
TRUSTAR FUNDING, LLC &
EMERALD ISLE LENDING
COMPANY, INC.

      Plaintiffs,

 -against-

DARIUSZ MRUCZYNSKI,
STANISLAW MRUCZYNSKI,
BIELSKO CORPORATION, ET AL.

      Defendants.

------------------------------------------------------X
RP FAMILY, INC.,

      Plaintiff,

 -against-

COMMONWEALTH LAND TITLE
INSURANCE COMPANY, *a division of*
FIDELITY NATIONAL TITLE
GROUP, INC.

      Defendant.

------------------------------------------------------X

**REPORT &
RECOMMENDATION**

10 CV 1727 (DLI) (CLP)

10 CV 1149 (DLI) (CLP)

On July 28, 2009, plaintiffs Emerald Isle Lending Co., Inc. ("Emerald") and Trustar Funding, LLC ("Trustar") commenced this action against defendants Dariusz Mruczynski, Stanislaw Mruczynski (collectively, "the Mruczynskis"), Bielsko Corporation ("Bielsko"), Leslie Benita Martin ("L. Martin"), Paul Sukholinskiy ("Sukholinskiy"), RP Family, Inc. ("RP Family"), Patron Estates, Inc. ("Patron"), William Martin ("W. Martin"), Warren Sussman ("Sussman"), Pacific Title, Inc. ("Pacific Title"), Boris Nikham ("Nikham"), Commonwealth

Land Title Insurance Company ("Commonwealth"), Lindsay Eason ("Eason"), and Abraham Teitelbaum ("Teitelbaum").

On June 25, 2010, defendant Commonwealth filed a cross-claim against defendant William Martin. On March 1, 2011, Commonwealth filed its second amended third-party complaint against third-party defendants Vitto Grippo ("Grippo"), Joseph V. Romanelli ("Romanelli"), John Peerless ("Peerless"), Jandevar, LLC ("Jandevar"), Vanick Holdings Corp., ("Vanick Holdings"), Vanick Property Management, LLC, ("Vanick Property"), Vanick Equities, LLC ("Vanick Equities"), and John Doe, d/b/a Morgan Financial ("Morgan"). Neither cross-claim defendant William Martin nor the third-party defendants responded, and on August 22, 2011, Commonwealth moved for default judgment against the cross-claim and third-party defendants. The Clerk of Court entered a notation of default against the cross-claim and third-party defendants on August 31, 2011. On September 8, 2011, the Honorable Doris L. Irizarry referred the motion for default judgment to the undersigned.

The Court notes that although default has been entered against cross-claim defendant William Martin and the aforementioned third-party defendants, a large number of parties remain in this complicated case as plaintiffs, defendants, cross-claimants, cross-defendants, third party plaintiffs, and third party defendants. There are many issues between these parties that must be determined before damages can be calculated in this case, and these issues are far from being resolved. In fact, recognizing this problem, Commonwealth's motion for default judgment requested that the Court "refer[] the issue of damages on Commonwealth's cross-claim and third

party claims to the time of trial." (Pl.'s Mot.[1] ¶ (iii)).

Facing a similar situation, on August 29, 2011, third party plaintiffs Warren Sussman and Pacific Title, Inc. (collectively, "PTI") moved for an entry of default against third party defendants Executive Settlement Services, LLC, Executive Settlement Services 1, LLC, and Executive Settlement Services, Ltd. (collectively, "Executive Settlement"). (Docket Entry 194). However, even though the Clerk of the Court entered default against Executive Settlement on September 7, 2011, PTI has not yet moved for the entry of default judgment, which is the appropriate course of action given the currently indeterminable nature of the damages in this case.

Accordingly, given Commonwealth's request that the computation of damages be deferred, and the fact that Commonwealth cannot provide the Court with an estimation of its damages at this time, this Court respectfully recommends that Commonwealth's motion for default judgment be denied at this time as premature, but without prejudice to Commonwealth's ability to refile the motion once the liabilities and damages between the remaining parties in the case are determined.

Any objections to this Report and Recommendation must be filed with the Clerk of the Court, with a copy to the undersigned, within fourteen (14) days of receipt of this Report. Failure to file objections within the specified time waives the right to appeal the District Court's order. See 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 6(a), 72(b); Small v. Sec'y of Health and Human

---

[1] Citations to "Pl.'s Mot." refer to Commonwealth's Notice of Motion to Declare Default Pursuant to FRCP 55, filed on August 22, 2011.

3

Servs., 892 F.2d 15, 16 (2d Cir. 1989).

The Clerk is directed to send copies of this Order to the parties either electronically through the Electronic Case Filing (ECF) system or by mail.

**SO ORDERED.**

Dated: Brooklyn, New York
March 13, 2012

/S/ CHERYL POLLAK
Cheryl L. Pollak
United States Magistrate Judge
Eastern District of New York